UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JACKIE D. HOOTEN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:12-cv-00200-CLS |
| **FLORENCE HOTEL COMPANY, LLC,** | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Jackie D. Hooten, alleges that defendant, Florence Hotel Company, L.L.C., engaged in discrimination and retaliation in violation of three federal laws by failing to promote her on the basis of her age and race, and by firing her in retaliation for filing an age and race discrimination charge with the Equal Employment Opportunity Commission ("EEOC").[1]

Before prosecuting a violation of Title VII, a plaintiff must timely file an EEOC charge. This case is before the court on Florence's motion to dismiss the retaliation claim under Title VII because Hooten failed to file a retaliation charge with the EEOC before filing her lawsuit.[2] For the reasons explained below, this court

---

[1] *See* doc. no. 1 (Complaint) ¶ 16. Specifically, plaintiff alleges that Florence is liable for age discrimination under the Age Discrimination in Employment Act; for race discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981; and for retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1981, and 42 U.S.C. § 1981. *Id.*

[2] Hooten alleges liability for retaliation under Title VII and § 1981. *Id.* Like Title VII, §

will deny the motion.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it

---

1981 applies to retaliation actions. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454 (2008). Unlike Title VII, however, § 1981 does not require plaintiffs to first file an EEOC charge. *Id.* Thus, the motion to dismiss only addresses the retaliation claim under Title VII, not § 1981. *See* doc. no. 7 (Reply in Support of Motion to Dismiss by Florence Hotel Company, L.L.C.) ¶ 6.
  As a result, even assuming this court granted the motion, Hooten could still maintain her retaliation claim under § 1981.  Even so, an effort to address the Title VII portion of Hooten's retaliation claim is more than academic because the two statutes offer different remedies. *See CBOCS*, 553 U.S. at 454-55; *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir. 1988); *Adewole v. PSI Servs.*, 798 F. Supp. 2d 57, 61 (D.D.C. 2011).

2

y

asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

*Iqbal*, 129 S. Ct. at 1949-50.

## II. FACTS AS ALLEGED

When Jackie D. Hooten ("Hooten") filed her complaint, she was a forty-nine-year-old African-American female who had been employed by Florence Hotel Company, L.L.C. ("Florence") from November 26, 2006 until her termination on or about January 24, 2011.[3] On an unknown date, Hooten was told by an unknown person that she had been promoted to a sales director's position and scheduled to start on June 25, 2010.[4] On June 23, 2010, however, the General Manager told Hooten that her experience was insufficient for the position.[5] Florence then appointed a substantially-younger, white female to fill the position.[6]

Hooten filed a charge of discrimination form with the EEOC and checked the boxes for discrimination based on age and race, but not retaliation.[7] Upon receiving

---

[3] *See* doc. no. 1 ¶ 5, 14.

[4] *Id.* ¶ 6.

[5] *Id.*

[6] *Id.*

[7] *Id.* exhibit A. In her complaint, Hooten alleges that the EEOC received her original charge in November of 2010 and that she executed a corrected charge on December 3, 2010. *See id.* ¶ 7. However, only the corrected charge appears to be a part of the record.

3

notice, Florence's front desk manager, Amy Durley, told Hooten that Florence was going to fire Hooten for filing the discrimination charge, and that Durely had told Florence's management that they should not fire Hooten because she filed the charge.[8]

Under Florence's standing practice, anyone could apply to receive a Hilton honor card, which allows customers to accrue points and receive benefits in order to encourage those customers to book their stay at Hilton.[9] As Florence had never instructed Hooten on using the card properly, Hooten routinely used the card to make reservations for herself and others.[10] However, when Hooten used the card to make a reservation for her boyfriend, Florence fired her and claimed that she had used the card improperly.[11]

### III. DISCUSSION

Florence's partial motion to dismiss only presents one issue: can Hooten maintain a retaliation claim against Florence despite the fact that she did not file a retaliation charge with the EEOC? Because Hooten's retaliation claim "grew out of" her age and race discrimination charge, the answer is yes.

---

[8] *Id.* ¶ 8.
[9] *See* doc. no. 1 ¶ 10.
[10] *Id.* ¶ 11.
[11] *Id.* ¶¶ 11-12. It is unclear whether Hooten made a reservation for her boyfriend using the card, as she alleges in ¶ 11, or whether her boyfriend himself used the card, as she alleges in ¶ 12.

If plaintiff's complaint refers to documents that are central to her claim, the court may consider those documents as a part of the pleadings for purposes of Rule 12(b)(6) dismissal. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)). Further, if defendant's motion to dismiss attaches those documents, the court need not convert that motion into a motion for summary judgment. *Id.*

Here, Hooten's complaint alleges that Florence fired her in retaliation for filing an EEOC charge of discrimination form.[12] As the charge of discrimination form is referenced in Hooten's complaint and central to her claim, this court will consider that form on defendant's motion to dismiss without converting that motion into a motion for summary judgment.

A plaintiff cannot maintain an action for Title VII discrimination without timely filing an EEOC charge. *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000) (citing generally 42 U.S.C. § 2000e-5). Thus, her complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Id.* (citing *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 589 n.8 (11th Cir.1994); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970)).

Here, Hooten alleges two grounds for Title VII liability: age discrimination

---

[12] *Id.* ¶ 13.

and retaliation.[13]  However, when Hooten filed her EEOC charge, she only checked the boxes for age and race discrimination, not retaliation.[14]  Thus, Florence argues that Hooten's claim for retaliation under Title VII must be dismissed for failure to exhaust administrative remedies.[15]

However, "a claim of retaliation *could reasonably be expected to grow out of the original charge of discrimination*."  *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (emphasis supplied); *accord Thomas v. Miami Dade Pub. Health Trust*, 369 Fed. Appx. 19, 23 (11th Cir. 2010).  As a result,

> it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.
>
> There are strong practical reasons and policy justifications for this conclusion.  It is the nature of retaliation claims that they arise after the filing of the EEOC charge.  Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case — a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.

*Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981) (citing *Held v. Missouri Pacific Railroad Co.*, 373 F. Supp. 996, 1001 (S.D. Tex. 1974); *National Organization for Women v. Sperry Rand Corp.*, 457 F. Supp. 1338, 1344 (D. Conn.

---

[13] *Id.* ¶ 16.

[14] *Id.* exhibit A.

[15] *See* doc. no. 4 (Motion to Dismiss by Florence Hotel Company, L.L.C.) ¶ 5.

1978)).

Because Hooten alleges that Florence fired her in retaliation for filing an EEOC discrimination charge,[16] her retaliation claim "grew out of" that charge.[17]  Thus, Hooten was under no obligation to file a separate EEOC charge in order to maintain a retaliation action in compliance with Title VII.

### IV. CONCLUSION

For the reasons explained above, this court will deny the motion to dismiss the retaliation claim under Title VII.

DONE and ORDERED this 29th day of August, 2012.

_____
United States District Judge

---

[16] *See* doc no 1. ¶ 13.

[17] Frankly, this court is mystified by Florence's argument that, "[e]ven when read in a light most favorable to Plaintiff, the Complaint suggests that her retaliation claim accrued prior to the 'corrected' charge she has asserted as the basis for recovery." *See* doc no 7 ¶ 4 (alteration supplied). Hooten's retaliatory firing claim accrued when Florence fired her on or about January 24, 2011. *See* doc. no. 1 ¶ 14.  The corrected charge that allegedly caused the firing was filed over a week earlier, on December 3, 2010.  *See id.* exhibit A.